# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Sheryl Jackson,** *on behalf of herself and all others similarly situated,*

        **Plaintiff,**

v.

**Nationwide Retirement Solutions, Inc.,**

        **Defendant.**

**Case No. 2:22-cv-3499**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## OPINION AND ORDER

Plaintiffs Sheryl Jackson and Joy Dryer move for preliminary approval of a class action settlement. ECF No. 24. The Court has reviewed the Motion and Settlement Agreement between Plaintiffs Sheryl Jackson and Joy Dryer and Defendant Nationwide Retirement Solutions, Inc. ("Nationwide"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court **GRANTS** the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate and preliminarily certifies the Class for settlement purposes. Accordingly, the Court **ORDERS** as follows:

1.    The Settlement Agreement,[1] including the proposed Notice plan and forms of Notice to the Class, the appointment of Plaintiffs Sheryl Jackson and

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Joy Dryer as the Class Representatives, the appointment of Proposed Class Counsel as Class Counsel, the approval of the Settlement Benefits provided under the terms of the Settlement Agreement and the proposed method of distributing the Settlement Benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court preliminarily and conditionally approves and certifies, for settlement purposes, the following Class:

> All individuals whose Private Information was compromised in the September 2022 data breach announced by Nationwide Retirement Solutions, Inc.

3. The Court finds pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) that the Parties have provided sufficient information for the Court to be able to determine whether to give notice of settlement to the Class.

4. The Court finds pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(i) that the terms of the Settlement Agreement appear to be fair, reasonable, and adequate such that it will likely be able to finally approve the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2) after the hearing on final approval of the Settlement Agreement. Specifically, the Court preliminarily finds that:

    a. The Plaintiffs and their counsel have adequately represented the putative Class;

    b. The settlement negotiations were conducted at arm's length;

  c. The Settlement Agreement treats Class Members equitably relative to each other; and

  d. The relief offered by the Settlement Agreement appears to be adequate, taking into account: (1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class; including the method of processing class-member claims; (3) the terms of any proposed award of attorneys' fees, including timing of payment; and (4) any agreement required to be identified under Rule 23(e)(3).

5. The Court further finds pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) that it will likely be able to certify the Class for settlement purposes after the hearing on final approval of the Settlement Agreement, for the following reasons:

  a. The Class is ascertainable;

  b. The Class consists of roughly 2,189 Class Members satisfying numerosity;

  c. There are common questions of law and fact for settlement purposes including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident, satisfying commonality;

  d. The proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class;

  e. The proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class;

  f. Questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and

  g. A class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

6. The Court appoints Plaintiffs Sheryl Jackson and Joy Dryer as the Class Representatives.

7. The Court appoints Terence R. Coates and Justin C. Walker (Markovits, Stock & DeMarco, LLC) and Gerard Stranch, IV (Stranch, Jennings & Garvey, PLLC) as Class Counsel.

8. A Final Approval Hearing shall be held before the Court on **January 17, 2024 at 11:00 a.m.** for the following purposes:

  a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

  b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c.    To determine whether the Notice plan as conducted was appropriate;

    d.    To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e.    To determine whether the requested Class Counsel's combined attorneys' fees and litigation expenses of up to $120,000.00 should be approved by the Court;

    f.    To determine whether Service Awards in the amount of $5,000 to each Class Representative should be approved by the Court;

    g.    To determine whether the settlement benefits are fair, reasonable, and adequate; and

    h.    To rule upon such other matters as the Court may deem appropriate.

9.    The Court approves, as to the form and content, the Notice. Furthermore, the Court approves the proposed methods of mailing or distributing the Notice substantially in the form as presented in the Exhibit A to the Settlement Agreement, and finds that the Notice plan meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

10. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the Notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

- Notice date: ................................................................................. August 28, 2023
- Plaintiffs' motion for attorneys' fees and class representative service awards: ........................................................................ October 13, 2023 at 5:00 p.m.
- Objection deadline: ........................................................................ October 27, 2023
- Opt-out deadline: ........................................................................... October 27, 2023
- Parties create and submit opt-out list: ....... November 10, 2023 at 5:00 p.m.
- Final Approval Hearing: ............................. January 17, 2024 at 11:00 a.m.
- Motion for Final Approval: ............................... January 3, 2024 at 5:00 p.m.
- Effective Date: ............................................... Thirty-one days after an order granting final approval, assuming no appeal has been taken.
- Payment of Attorneys' Fees and Expenses; Class Representative Service Awards: ............................................. Fifteen days after the Effective Date.
- Provision of Settlement Benefits to Class Members: ........... Twenty-one days after the Effective Date.

11. All requests to opt out of the proposed Settlement must be submitted in writing to Class Counsel and must be postmarked no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the Settlement or be bound by this Settlement Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or

Defendant so long as they are timely postmarked or timely received by the Court, Defendant, or Class Counsel on or before the Opt-Out Date. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court, and mailed to Class Counsel and counsel for Defendant, within 60 days of the Notice Date and include each and all of the following:

    a. The objector's full name and address;

    b. The case name and docket number, Jackson v. Nationwide Retirement Solutions, Inc., Case No. 2:22-cv-03499-MHW-KAJ (S.D. Ohio);

    c. Information identifying the objector as a Class Member, including proof that the objector is a member of the Class;

    d. A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    e. The identity of any and all counsel representing the objector in connection with the objection;

    f. A statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and

   g. The objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

13. All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement Agreement, including, but not limited to, the Release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to any of the Settlement Benefits, and shall not be bound by the Settlement Agreement or any Final Approval Order as to Nationwide in this Litigation.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing, prosecuting, or asserting any of the Released Claims against Nationwide.

15. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**